UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 13, 2020

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. _____ |
| v. | UNDER SEAL |
| FRANCISCO PULIDO CORACERO, | 21 U.S.C. §§ 959(a), 960, and 963 (Conspiracy to Manufacture and Distribute Five Hundred Grams or More of Methamphetamine for Importation into the United States) |
| also known as "Don Puli" and "Pepino," and | |
| CARLOS ALGREDO VAZQUEZ, | 21 U.S.C. §§ 959(b), 960, and 963 (Conspiracy to Distribute a Listed Chemical for the Manufacture or Unlawful Importation of a Controlled Substance) |
| Defendants. | |
| | 18 U.S.C. § 2 (Aiding and Abetting) |
| | 21 U.S.C. §§ 853 and 970 (Forfeiture) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

Beginning in or around 2011, and continuing thereafter, up to and including the time of the filing of this Indictment, the exact dates being unknown to the Grand Jury, in the countries of Mexico, the United States, and elsewhere, the Defendants **Francisco PULIDO CORACERO, also known as "Don Puli" and "Pepino,"** and **Carlos ALGREDO VASQUEZ,** together with others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate and agree to manufacture and distribute five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance, intending, knowing, and having reasonable cause to believe that such substances would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a) and 960, all in violation of Title 21, United States Code, Section 963 and Title 18, United States Code, Section 2.

With respect to each Defendant, the controlled substances involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them is five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 960(b)(1)(H).

(Conspiracy to Manufacture and Distribute 500 Grams or More of Methamphetamine, Intending, Knowing, and Having Reasonable Cause to Believe That Such Substances Would be Unlawfully Imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(b)(1)(H) and 963; and Title 18, United States Code, Section 2.)

## COUNT TWO

Beginning in or around 2011, and continuing thereafter, up to and including the time of the filing of this Indictment, the exact dates being unknown to the Grand Jury, in the countries of Mexico, the United States, and elsewhere, the Defendants **Francisco PULIDO CORACERO, also known as "Don Puli" and "Pepino,"** and **Carlos ALGREDO VASQUEZ**, together with others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate and agree to distribute List I chemicals, that is methylamine, nitroethane, phenylacetic acid, and others, and List II chemicals, that is toluene, acetone, and others, intending and knowing that such chemicals would be used to manufacture a controlled substance, that is methamphetamine, a Schedule II controlled substance, and intending, knowing, and having

reasonable cause to believe that the controlled substances would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(b) and 960, all in violation of Title 21, United States Code, Section 963 and Title 18, United States Code, Section 2.

(Conspiracy to Distribute a Listed Chemical for Manufacture of a Controlled Substance, in violation of Title 21, United States Code, Sections 959(b), 960, and 963; and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

The United States hereby gives notice to the Defendants that upon conviction of the Title 21 offenses alleged in Counts One and Two of this Indictment, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the Defendants obtained directly or indirectly as the result of the alleged Title 21 violations, and all property used or intended to be used in any manner or part to commit, and to facilitate the commission of such offense.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the Defendants up to the value of the above forfeitable property.

(Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970.)

A TRUE BILL:

_____
Foreperson

ARTHUR G. WYATT
Chief
Narcotic and Dangerous Drug Section
U.S. Department of Justice
Washington, D.C. 20530

By: _____
KATE M. NASEEF
KAITLIN SAHNI
Trial Attorneys
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
Telephone: (202) 514-0917

4