**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO.: 21-CR-173 (BAH)** |
| **FRANCISCO PULIDO CORACERO,** **also known as "Don Puli" and** **"Pepino," and** | |
| **CARLOS ALGREDO VAZQUEZ,** | |
| **Defendants.** | |

**MOTION FOR PRETRIAL CONFERENCE**
**PURSUANT TO THE CLASSIFIED INFORMATION**
**PROCEDURES ACT AND MEMORANDUM IN SUPPORT THEREOF**

The United States of America, by and through the undersigned attorneys, respectfully moves this Court, pursuant to Section 2 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3 at § 2, to hold a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution of this matter and to discuss collateral classified matters.    In support of this motion, the government states the following:

**Preliminary Statement**

Section 2 of CIPA provides that "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution."    Following such a motion, the district court, "shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by section 5 of this Act, and the initiation of the procedure established by Section 6 of this Act [to determine the use, relevance, or admissibility of classified information]."

Because the United States anticipates that issues of discovery, disclosure, or use of classified information may arise during this case, the United States respectfully requests that the

Court convene a status hearing to consider matters relating to such classified information as required by Section 2 of CIPA.   To aid in the discussion at the future Section 2 status hearing, the government provides the following CIPA framework.

<u>**The Classified Information Procedures Act**</u>

CIPA governs the discovery, admissibility, and the use of classified information in criminal cases.   The procedures CIPA mandates protect the government privilege in classified information.   *United States v. Yunis*, 867 F.2d 617, 623 (D.C. Cir. 1989).   CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest."   *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (citation and internal quotes omitted).   It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial."   *United States v. Apperson*, 441 F.3d 1162, 1192 n.8 (10th Cir. 2006) (citation omitted).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure: "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service."   *CIA v. Sims*, 471 U.S. 159, 175 (1985) (quoting *Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) (per curiam)); *accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world.").   Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance

that no injustice is done to the criminal defendant." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

CIPA is procedural and neither creates any new rights of discovery nor expands the rules governing the admissibility of evidence. *See United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006) (citing *Yunis*, 867 F.2d at 621-23); *United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevancy of probative evidence."); *accord United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) ("CIPA does not create any discovery rights for the defendant."). Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of classified information to protect the government's national security interests. *See Yunis*, 867 F.2d at 621; *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363-64 (11th Cir. 1994); *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998).

A.    Section 1 – Definitions

For the purposes of CIPA, "classified information" includes any information or material that has been determined by the United States government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security. 18 U.S.C. App. 3 at § 1(a). "National security" means the national defense and foreign relations of the United States. *Id.* at § 1(b).

CIPA applies equally to classified testimony and classified documents. *See United States v. Lee*, 90 F. Supp. 2d 1324, 1326 n.1 (D.N.M. 2000) (citing *United States v. North*, 708 F. Supp. 399, 399-400 (D.D.C. 1988)); *Kasi v. Angelone*, 200 F. Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony).

B.      Section 2 – Pretrial Conference

As noted above, Section 2 of CIPA authorizes the court, upon motion by any party or at its own discretion, to hold a pretrial conference "to consider matters relating to classified information that may arise in connection with the prosecution."    18 U.S.C. App. 3 at § 2.

C.      Section 3 – Protective Order

Section 3 of CIPA mandates that the district court issue a protective order upon motion by the United States to protect against the disclosure of any classified information that may be disclosed by the government to defense counsel or the defendant.    *Id.* at § 3.

D.      Section 4 – Protection of Classified Information During Discovery

Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States.    18 U.S.C. App. 3 at § 4; *see, e.g., Yunis*, 867 F.2d at 619-25; *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998).    Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court: "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).    The legislative history of CIPA makes it clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict discovery in order to protect national security.    *See* S. Rep. No. 96-823 at 6, 1980 U.S.C.C.A.N. at 4299-4300; *see also United States v. Pringle*, 751 F.2d 419, 427 (1st Cir. 1984).

Section 4 provides, in pertinent part, that a district court:

> upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information

4

> would tend to prove.   The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. 3 at § 4.   In essence, Section 4 allows the United States to request that the court review, *ex parte* and *in camera*, classified information to determine whether it is discoverable under Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or the Jencks Act, and to protect such classified information from disclosure through various means, if it is discoverable.

*Ex parte*, *in camera* consideration of government motions to deny or restrict discovery under CIPA Section 4 have been upheld consistently as proper practice.[1]   *See Mejia*, 448 F.3d at 457-59; *Libby*, 429 F. Supp. 2d at 22; *see also Klimavicis-Viloria*, 144 F.3d at 1261-62; *Rezaq*, 134 F.3d at 1142; *Yunis*, 867 F.2d at 619-25; *Pringle*, 751 F.2d at 427-28; *Kasi*, 200 F. Supp. 2d at 596 n.6.   Even if defense counsel has a clearance, that clearance does not entitle defense counsel to see classified information during the CIPA Section 4 proceedings.   *See, e.g.*, *United States v. Daoud*, 755 F.3d 479, 484 (7th Cir. 2014) ("It's also a mistake to think that simple possession of a security clearance automatically entitles its possessor to access to classified information that he is cleared to see."); *United States v. El-Mezain*, 664 F.3d 467, 522-23 (5th Cir. 2011) (rejecting defense argument that since security- clearance-holding defense team members received some classified discovery consisting of some of defendant's communications, those defense team members should see all of defendant's communications which were included in classified materials); *Libby*, 429 F. Supp. 2d at 24 n.8 ("It is axiomatic that even if the defendant

---

[1]      In determining whether classified information provided to the Court pursuant to a CIPA Section 4 motion is relevant and potentially discoverable, it is appropriate for the Court to meet with government counsel *ex parte* to consider the matter.   *See Mejia*, 448 F.3d at 457; *United States v. Libby*, 429 F. Supp. 2d 18, 24-25, *amended by* 429 F. Supp. 2d 46 (D.D.C. 2006).

and his attorneys had been granted the highest level of security clearances, that fact alone would not entitle them to access every piece of classified information this country possesses.").

In determining whether to authorize the government to withhold classified materials from discovery under CIPA Section 4, federal courts, including the D.C. Circuit, have applied the test set forth in *Roviaro v. United States*, 353 U.S. 53 (1957).   *See, e.g.*, *Yunis*, 867 F.2d at 623.   In *Roviaro*, the Supreme Court recognized the government's privilege in protecting the identity of confidential informants, but held that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is *relevant and helpful* to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."   *Roviaro*, 353 U.S. at 60-61 (emphasis added).   In *Yunis*, the D.C. Circuit applied *Roviaro's* reasoning in interpreting CIPA Section 4's statutory requirements, stating:

> [C]lassified information is not discoverable on a mere showing of theoretical relevance in the face of the government's classified information privilege . . . [T]he threshold for discovery in this context . . . requires that a defendant seeking classified information, like [the] defendant seeking the informant's identity in *Roviaro*, [is] entitled only to information that is at least "helpful to the defense of the accused."

*Yunis*, 867 F.2d at 623 (quoting *Roviaro*, 353 U.S. at 60-61); *see also United States v. Flynn*, 411 F. Supp. 3d 15, 53 (D.D.C. 2019) (denying defendant's motion to compel disclosure of classified document "based on speculation and theoretical relevance").

E.      Section 5 and 6 – Procedure for the Disclosure of Classified Information at Trial

Sections 5 and 6 of CIPA apply with respect to the use and potential disclosure of classified information during a trial or proceeding.   *See, e.g., Baptista-Rodriguez*, 17 F.3d at 1363; *United States v. Collins*, 720 F.2d 1195, 1199-1200 (11th Cir. 1983).   Section 5 requires the defendant to provide timely written notice to the court and the government describing any classified

information that he reasonably expects to disclose.    *See* 18 U.S.C. App. 3 at § 5(a).    Notification

must take place "within the time specified by the court, or when no time is specified, within thirty

days prior to trial."    *Id.*    Although the description of the classified information may be brief, it

must be particularized and set forth the specific classified information that the defendant

reasonably believes to be necessary to his defense.    *See Collins*, 720 F.2d at 1199.    The

defendant must provide formal notice under Section 5 even if the government believes or knows

that the defendant may assert a defense involving classified information.    *See United States v.*

*Badia*, 827 F.2d 1458, 1465-66 (11th Cir. 1987).

Section 5 specifically prohibits the defendant from disclosing any classified information in

a trial or pretrial proceeding until such notice has been given, the government has had the

opportunity to seek determination pursuant to Section 6, and any appeal by the government under

Section 7 has been decided or the time for filing an appeal has expired.    18 U.S.C. App. 3 at

§ 5(a).    If the defendant fails to provide the requisite pretrial notice, then the court may preclude

disclosure of any classified information not made the subject of the notification and may prohibit

the defendant from examining any witnesses with respect to such information.    *Id.* at § 5(b).

After the defendant files the requisite notice, under Section 6(a), the government may

request a hearing at which the court will make "all determinations concerning the use, relevance

or admissibility" of the proposed defense evidence.    18 U.S.C. App. 3 at § 6(a).    Upon such a

request, the court shall conduct a hearing.    *Id.*    The hearing shall be conducted *in camera* if the

Attorney General certifies to the court that a public proceeding may result in the disclosure of

classified information.    *Id.*    Before the hearing, the government must first provide the defendant

with notice of the classified information that will be at issue.    *Id.* at § 6(b)(1).    If the particular

information was not previously available to the defendant, the government may, with the court's

approval, provide a generic description of the material to the defendant.  *Id.*    The court may also, upon request of the defendant, order the government to provide the defendant prior to trial "such details as to the portion of the indictment or information at issue in the hearing as are needed to give the defendant fair notice to prepare for the hearing."  *Id.* at § 6(b)(2).

If the government requests a hearing before the trial or other proceeding at which the defendant expects to disclose the classified information, the court must issue a ruling before the trial or other proceeding begins.  *Id.* at § 6(a).    The court's ruling must be in writing and set forth the basis for its determination as to each item of classified information.  *Id.*

If, after an *in camera* hearing, the court determines that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal.  *Id.* at § 6(d).  If the court finds the classified evidence may be disclosed or elicited, the government may move the court to authorize (1) the substitution of a statement admitting the relevant facts that the specific classified information would tend to prove, or (2) the substitution of a summary of the classified information.  *Id.* at § 6(c)(1).

If the court denies the government's motion for substitution under Section 6(c), CIPA permits the government, by affidavit from the Attorney General, to object to the disclosure of the classified information at issue.  *Id.* at § 6(e)(1).    Upon the government's filing of the Attorney General's affidavit, the court "shall order that the defendant not disclose or cause the disclosure of such information," *id.*, and may impose a sanction against the government to compensate for the defendant's inability to present proof of the specific item of classified information, *see* S. Rep. 96-823 at 9, 1980 U.S.C.C.A.N. at 4302-03.    Section 6(e)(2) provides a sliding scale of possible sanctions, which include dismissal of specific counts, finding against the government on an issue

to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment.    18 U.S.C. App. 3 at § 6(e)(2).    An order imposing a sanction shall not take effect until the government has the opportunity to appeal the order under Section 7 or thereafter withdraws its objection to the disclosure of the information.    *Id.*

Whenever the court rules at a Section 6(a) hearing that classified information is admissible, the court must require the government to provide the defendant with information it expects to use to rebut the classified information "unless the interests of fairness do not so require."    *Id.* at § 6(f). The court may place the United States under a continuing duty to disclose rebuttal information. *Id.*    If the government fails to comply, the court may exclude the rebuttal evidence and prohibit the government from examining any witnesses with respect to such information.    *Id.*

F.    Section 7 – Interlocutory Appeal

Section 7 permits the United States to take an interlocutory expedited appeal to the appellate court if the district court (a) authorized the disclosure of classified information; (b) imposes sanctions for non-disclosure of classified information; or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information.    *Id.* at § 7(b).

G.    Section 8 – Procedure Governing the Introduction of Classified Information at Trial or at a Pre-Trial Proceeding

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence.    *Id.* at § 8.    Specifically, Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status. *Id.* at § 8(a).    Section 8(b) permits the court to order admission into evidence only part of a document when fairness does not require the whole document to be considered.    *Id.* at § 8(b). Section 8(c) allows the government to object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible.    *Id.*

at § 8(c).    Following an objection, the court "shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information." *Id.*

> H.    Section 9 – Security Procedures

Section 9 requires the Chief Justice of the United States, in consultation with other executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure.    18 U.S.C. App. 3 at § 9(a).    Security procedures established by former Chief Justice Burger pursuant to this provision are codified directly following Section 9 of CIPA.

> I.    Sections 9A through 15

Sections 9A through 15 are miscellaneous provisions of CIPA which are not likely to be pertinent to this case.

//

//

//

//

//

//

## **Conclusion**

The government notes that some of the aforementioned CIPA Sections may not be applicable to this case.    However, the government anticipates that there will be issues in this case implicating CIPA.    The government asks the Court to set a Section 2 hearing to set deadlines.

Respectfully submitted this 3rd day of October 2025.

<div style="margin-left:40%">

Nhan Nguyen, Acting Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice


By:    /s/ *Lernik Begian*
Lernik Begian
Douglas Meisel
Trial Attorneys
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
Telephone: (202) 514-0917

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was sent via ECF to counsel of record for the defendant, this 2nd day of October, 2025.


By:     <u>/s/ *Lernik Begian*          </u>
          Lernik Begian
          Trial Attorney
          Narcotic and Dangerous Drug Section
          Criminal Division
          U.S. Department of Justice